UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
UNITED STATES OF AMERICA,              :
                                       :
                -v-                    :        18cr749 (DLC)
                                       :
WYKEE JOHNSON,                         :
                                       :        ORDER
                   Defendant.          :
                                       :
---------------------------------------X

DENISE COTE, District Judge:

    In a letter dated December 9, 2021, defendant Wykee Johnson

requested a copy of his February 17, 2021 motion for

compassionate release.  It is hereby

    ORDERED that a copy of that motion is attached to this

Order.

    IT IS FURTHER ORDERED that the Clerk of Court shall mail

Johnson a copy of this Order and motion and note mailing on the

docket.

    SO ORDERED:

Dated:    New York, New York
          January 19, 2022


                          _____
                               DENISE COTE
                          United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2·17·2021

UNITED STATES OF AMERICA,
            Respondent,

v.

WYKEE JOHNSON,
            Petitioner.

)
)
)
)
)
)
)

CASE NO.
18 CR 749-04 (DLC)

MOTION FOR COMPASSIONATE
RELEASE PURSUANT TO
18 U.S.C. § 3582(C)(1)(A)

---

COMES NOW, the Petitioner, Wykee Johnson, pro se, and pursuant to 18 U.S.C. § 3582(C)(1)(A), does respectfully move this Honorable Court to GRANT him a Compassionate Release as set forth in the above-mentioned Code Section; does state the following in support of this foregoing document;

1) The Petitioner asserts that he has an "extraordinary and compelling reason" for a sentencing reduction as set forth in the Code Section for Compassionate Release. See 18 U.S.C. § 3582(C)(1)(A).

2) Significant changes were made to the Compassionate Release Statute by the enactment of the First Step Act. See P.L. 115-391, 132 Stat. 5194, at § 403(A)(Dec. 21, 2018.

3) District courts no longer require a motion from the Director of the Bureau of Prisons to resentence federal prisoners under 18 U.S.C. § 3582(C)(1)(A).

2

4) Section 603 of the First Step Act changed the process by which § 3582(C)(1)(A) compassionate release occurs. Instead of depending upon the BOP Director to determine an extraordinary circumstance, and then move for release, a court can now resentence "upon a motion of  the defendant", if the defendant has fully exhausted all administrative remedies, or lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See 18 U.S.C. § 3582(C)(1)(A); see also the Petitioner's Brief in Support of Compassionate Release.

5) The Petitioner has exhausted his administrative remedies by submitting a request to Warden E. Bradley here at USP Canaan, which was ultimately denied. See attached Request/Response.

6) The Petitioner asserts that the recent outbreak of the Covid-19 virus here at USP Canaan, at which 20+ from the Petitioner's immediate living quarters tested positive for the virus, this coupled with the Petitioners need to care for his elderly parents who are not doing well at all, as well as the overcrowding that doesn't allow for proper social distancing does put the Petitioner's life in jeopardy if he was to contract a deadly strand of the virus, thus making him a candidate for a compassionate release.

7) The Petitioner has been positively doing self-improvement exercises, and has over 50% of his time done.

3

WHEREFORE, the Petitioner respectfully request this Honorable
Court GRANT this Motion for Compassionate Release as set forth in
18 U.S.C. § 3582(C)(1)(A), and any other relief this Honorable
Court deems appropriate.

FURTHERMORE, the Petitioner respectfully request the appointment
of counsel to represent him in this matter as he is very limited in
the legal aspects of this very important issue, as well as the Covid-
19 restrictions placed on his movements here at USP Canaan.

Respectfully Submitted,

Wykee Johnson
#65613-054
USP Canaan
P.O. Box 300
Waymart, PA 18472

PETITIONER-PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent, | ) | CASE NO. |
|  | ) |  |
| v. | ) | BRIEF IN SUPPORT OF MOTION<br>FOR COMPASSIONATE RELEASE<br>PURSUANT TO 18 U.S.C. (C)<br>(1)(A) |
|  | ) |  |
| WYKEE JOHNSON,<br>Petitioner. | ) |  |

COMES NOW, the Petitioner, Wykee Johnson, pro se, does bring this Brief in support of his filed Motion For Compassionate Release, does state the following;

> I. THIS COURT HAS AUTHORITY TO RESENTENCE JOHNSON UNDER SECTION 3582(C)(1)(A) FOR THE EXTRAORDINARY AND COMPELLING REASONS PRESENTED HERE.

Through the First Step Act, P.L. 115-391, 132 Stat. 5194, at § 403 (A)(Dec. 21, 2018), Congress changed the process for compassionate release based on the criticism of the Bureau of Prison's inadequate use of its authority, returning to the federal judiciary the authority to on its own to reduce sentences for "extraordinary and compelling reasons".

Prior to Congress passing the First Step Act, the process for compassionate release under § 3582(C)(1)(A) was as follows; the U.S. Sentencing Commission set the criteria for resentencing relief under § 3582(c), and the only way a sentencing court could reduce a sentence was if the BOP Director initiated and filed a motion in the sentencing court. See P.L. 98-473 (HJRes 648, P.L. 98-473, 98 Stat. 1837 (Oct. 12, 1984). If such a motion filed, the sentencing

2

court could then decide where "the reduction was justified by extraordinary and compelling reasons and was consistent with applicable policy statements issued by the Sentencing Commission." Id. So even if a federal prisoner qualified under the Commissions definition of extraordinary and compelling reasons, without the BOP Director's filing a motion, the sentencing had no authority to reduce the sentence, and the prisoner was unable to secure a sentence reduction.

This process meant that, practically, the BOP Director both initiated the process and set the criteria for whatever federal prisoner's circumstances the Director decided to move upon. Therefore, prior to the passage of the First Step Act, the BOP (and not the Commission) functionally had final say on what constituted an "extraordinary and compelling reason" for a sentence reduction, because only BOP could bring a motion under the terms of § 3582(C)(1)(A).

With the changes made to the compassionate release statute by the First Step Act, courts need not await a motion from the Director of the BOP to resentence prisoners to time served under 18 U.S.C. § 3582(C)(1)(A), for "extraordinary and compelling reasons", and the reasons that can justify resentencing need not involve only medical, elderly, or family circumstances, this is a huge change from the way compassionate releases were considered prior to the First Step Act.

<u>3</u>

When Congress originally enacted § 3582 in 1984, it intended
for district courts to reduce sentences for prisoners on the basis
of extraordinary and compelling reasons not limited to medical,
family, or elderly circumstances.

Congress first enacted the modern form of compassionate release
statute contained in 18 U.S.C. § 3582 as part of the Comprehensive
Crime Control Act of 1984. Section 3582(c) states that a district
court can modify even a final "term of imprisonment" in four situ-
ations, the broadest of which is directly relevant here. A sentencing
court can reduce a sentence if and whenever "extraordinary and
compelling reasons warrant such a reduction." 18 U.S.C.  § 3582 (C)
(1)(A)(i). In 1984, Congress conditioned the reduction of sentences
on the BOP Director filing an intial motion in the sentencing Court,
absent such a motion, sentencing courts had no authority to modify
a prisoners sentence for extraordinary and compelling reasons.

Congress never defined what constitutes an "extraordinary and
compelling reason" for resentencing under § 3582(c). But the leg-
islative history gives an indication of how Congress thought the
statute should be employed by federal courts. One of Congress's
initial goals in passing the Comprehensive Crime Control Act was to
abolish federal parole and create a "completely restructured guide-
lines sentencing system." S.Rep No. 98-225, at 52, 53 n. 74 (1983).
Yet, recognizing that parole historically played a key role in re-
sponding to changed circumstances, the Senate Committee stressed how

4

some individual cases may still warrant a second look at resentencing;

> "The Committee believes that there may be unusual
> cases in which an eventual reduction in the length
> of a term of imprisonment is justified by changed
> circumstances. These would include cases of severe
> illness, cases in which [other extraordinary and
> compelling circumstances justify a reduction of an
> unusually long sentence], and some cases in which
> the sentencing guidelines for the offense of which
> the defender was convicted have been later amended
> to provide a shorter term of imprisonment". See
> C.C.C.A. at 55-56.

Rather than having the Parole Commission review every federal sentence focused only on an offender's rehabilitation, Congress decided that § 3582(c) could and would enable courts to decide in individual cases, if "there is a justification for reducing a term of imprisonment." at 56.

Congress intended for the situations listed in § 3582 (c) to act as "safety values for modification of sentences," at 121, that enabled sentence reductions when justified by various factors that previously could have been addressed through the (now abolished) parole system. This particular safety value would "assure the availability of special review and reduction to a term of imprisonment

5

for 'extraordinary and compelling reasons' and would allow courts
to respond to changes in the guidelines." Id. Noting that this app-
roach would keep "the sentencing power in the judiciary where it
belongs','"rather than with a federal parole board, the statute per-
mitted" later review of sentences in particularly compelling situations.

Congress thus intended to give federal sentencing courts an
equitable power that would be employed on an individualized basis to
correct fundamentally unfair sentences. And there is no indication
that Congress limited the safety value of § 3582(C)(1)(A) to medical
or elderly release, if extraordinary and compelling circumstances
were present, they could be used to "justify a reduction of an
unusually long sentence." S. Rep No. 98-225, at 55-56.

B. The U.S. Sentencing Commission concluded that § 3582 (C)(1)
(A)'s "extraordinary and compelling reasons" for compassionate
release are not limited to medical, elderly, of family circumstances.

Congress initially delegated the responsibility for determining
what constitutes "extraordinary and compelling reasons" to the U.S.
Sentencing Commission (Commission). See 28 U.S.C. § 994(t)("The
Commission...shall describe what should be considered extraordinary
and compelling reasons for sentence reduction, including the criter-
ia to be applied and a list of specific examples."). Congress pro-
vided only one limitation to that delegation of authority; which was

6

"rehabilitation of the defendant alone shall not be considered an
extraordinary and compelling reason. 28 U.S.C. § 994(t). Congress
no doubt limited the ability of rehabilitation alone to constitute
extraordinary circumstances so that sentencing courts could not use
it as a full and direct substitute for the abolished parole system.
Congress, however, contemplated that rehabilitation could be consi-
dered with other extraordinary and compelling reasons sufficient to
resentence people in individual cases. Indeed, the use of the modifier
"alone" signifies just the opposite; that rehabilitation could be
used in tandem with other factors to justify a reduction.

The Commission initially neglected its duty, leaving the BOP
to fill the void and create the standards for extraordinary and com-
pelling reasons warranting resentencing under § 3582(c)(1)(A). The
Commission finally acted in 2007, promulgating a policy that extra-
ordinary and compelling reasons includes medical conditions, age,
family circumstances, and "other reasons". U.S.S.G. § 1B1.13, app-
lication note 1(A). After a negative DOJ Inspector General report
found that the BOP had rarely moved courts for a § 3582(c)(1)(A)
modification even for prisoners who met the objective criteria, see
U.S. Dep't of Justice Office of the Inspector General, The Federal
Bureau of Prisons Compassionate Release Program (April 2013)("FBOP
Compassionate Release Program"). The Commission amended its policy
statement, expanding the guidance to courts on qualifying conditions
and admonishing the BOP to file motions for compassionate release

7

whenever a prisoner was found to meet the objective criteria in
U.S.S.G. § 1B13 Id. at application note 4; See also United States
v. Dimasi, 220 F.Supp 3d 173, 175 (D.Mass. 2016)(discussing the pro-
gression from the OIG report to new "encouraging" guidelines).

The Commission created several categories of qualifying reasons
(A) "Medical Conditions of the Defendant", including terminal illness
and other serious conditions and impairments; (B) "Age of the Defen-
dant", for those 65 and older with serious deterioration related to
aging who have completed at least 10 years or 75 percent of the term
of imprisonment; (C) "FAmily Circumstances", where a child's care-
giver or spouse dies or becomes incapacitated without an alternative
caregiver; and (D) "Other Reasons", when the Director of the BOP
determines there is "an extraordinary and compelling reason other
than, or in combination with, the reasons described in subdivisions
(A) through (C)." Id. application note 1(A). The Commission also
clarified that the extraordinary and compelling reasons "need not
have been unforeseen at the time of sentencing in order to warrant
a reduction in the term of imprisonment." U.S.S.G. § 1B1.13, appli-
cation Note 2. In other words, even if an "extraordinary and compe-
lling reason" reasonably could have been known or anticipated by
the sentencing court, [that fact] does not preclude consideration
for a sentence reduction.

Consistent with the text and legislative history of § 3582(c),

8

the Commission concluded that reasons beyond medical, age and family circumstances could qualify as "extraordinary and compelling reasons" for resentencing, and that the extraordinary and compelling reasons need not be based on changed circumstances occuring after the initial sentencing of the defendant.

Leaving the BOP Director with ultimate authority for triggering and setting the criteria for sentence reductions under § 3582(C)(1)(A) created several problems. The Office of the Inspector General found that the BOP failed; to provide adequate guidance to staff on the criteria for compassionate release; to set time lines for reviewing compassionate release request; to create formal procedures for informing prisoners about compassionate release; and to generate a system for tracking compassionate release request. See FBOP Compassionate release Program, at i-iv.

As a result of these problems, the OIG concluded that "BOP does not properly manage the compassionate release program resulting in inmates who may be eligible candidates for release not being considered. See generally Stephen R. Sady & Lynn Deffebach, Second Look Resentencing under U.S.C. § 3582(c), as an example of Bureau of Prisons Policies That Result in Overincarceration. 21 Fed Sent. RPTR 167 (Feb. 2009.

Congress heard those complaints. In late 2018, Congress passed

9

the First Step Act, part of which transformed the process for
compassionate release under § 3582(C)(1)(A). See P.L. 115-391, 132
Stat. 5194 at § 603 (Dec. 21, 2018. Section 603 of the First Step
Act changed the process by which § 3582(C)(1)(A) compassionate re-
lease occurs; instead of depending upon the BOP Director to deter-
mine an extraordinary circumstances and then move for release, a
court can now resentence "upon a motion of the defendant", if the
defendant has fully exhausted all administrative remedies, "or lapse
of 30 days from receipt of such a request by the warden of the defen-
dants facility, whichever is earlier." 18 U.S.C. § 3582 (C)(1)(A).

Once the defendant who has properly exhausted files a motion,
a court may, after considering the 18 U.S.C. § 3553(a) factors,
resentence a defendant, if the court finds that extraordinary and
compeling reasons warrant a reduction. Any reduction of a sentence
that a court orders must also be "consistent with applicable policy
statements issued by the Sentencing Commission." Id. The effect of
these new changes is to allow federal judges the ability to move on
a prisoners compassionate release application even, in the face of
BOP opposition or its failure to respond to a prisoners request for
compassionate release in a timely manner.

Congress made these changes in an effort to expand the use of
compassionate release sentence reductions under § 3582(C)(1)(A).
Congress labeled these changes, "Increasing the Use and Transparency
of Compassionate Release." 164 Cong. Rec. H10346, H10358 (2018).

10

Senator Cardin noted in the record that the First Step Act made several reforms to the federal prison system, including that "the bill expands compassionate release under the Second Chance Act, and expedites compassionate release applications." 164 Cong. R. 199, at S7774 (Dec. 18, 2018). In the House, Representative Nadler noted that First Step included a "number of very positive changes, such as...improving application of compassionate release, and providing other measures to improve the welfare of federal inmates." 164 Cong. Rec. H10346-04, 164 Cong. Rec. H10346-04, H10362 (Dec. 20, 2018).

Federal judges now have the power to order reductions of sentences even in the face of BOP resistance or delay in the processing of applications. The legislative history leading up to the enactment of the First Step Act establishes that Congress intended the judiciary not only to take on the role that BOP once held under the pre-First Step Act compassionate release statute as the essential adjudicator of compassionate release requests, but also to grant sentence reductions on the full array of grounds reasonably encompassed by the "extraordinary and compelling" standard set forth in the applicable statute.

C. Statutory text defines judicial sentence reduction authority around "extraordinary and compelling reasons" and the policy statements of U.S. Sentencing Commission under § 1B1.13 do not preclude this court from resentencing the Petitioner.

11

Once a prisoner has properly pursued administrative remedies and filed a motion for compassionate release, a federal court possesses the authority to reduce a sentence if and whenever the court finds "extraordinary and compelling reasons" warrant such a reduction. A court must consider the 18 U.S.C. § 3553(a) sentencing factors in reducing any sentence, and any reduction of a sentence that a court orders must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(C)(1)(A).

As noted above, the Sentencing Commission created a catch-all provision for compassionate release under U.S.S.G. § 1B1.13, application Note (1)(D), which states;

> "Other Reasons - As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

The Commission also stated the process by which compassionate release reductions should be decided;

> "Motion by the Director of the Bureau of Prisons-A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582 (C)(1)(A). U.S.S.G. § 1B1.13 Note 4.

12

The dependence on BOP in these policy statements is a relic
of the prior procedure that is now inconsistent with the First Step
Act's amendment of § 3582(C)(1)(A). Application Note 1(D) can no
longer limit judicial authority to cases with an initial determin-
ation by the BOP Director that a prisoner's case presents extraordi-
inary or compelling reasons for a reduction, because the First Step
Act has allowed courts to consider and grant sentence reductions
even in the face of an adverse or unresolved BOP determination con-
cerning whether a prisoner's case is extraordinary or compelling.
See 18 U.S.C. § 3582(C)(1)(A), as amended by P.L. 115-391 § 503
(Dec. 21, 2018).

Also, the Commission now-dated statement indicating that the
BOP must file a motion in order for a court to consider a compassionate
release sentence reduction no longer controls in the face of the new
statutory text enacted explicitly to allow a court to consider a
reduction even in the absence of a BOP motion. With the First Step
Act, Congress decided that federal judges are no longer constrained
or controlled by how the BOP Director sets its criteria for what
constitutes extraordinary and compelling reasons for a sentence re-
duction.

Put differently, now that the First Step Act has recast the
procedural requirements for a sentence reduction, if a court finds
there exists an extraordinary and compelling reason for a sentence
reduction, they can now act upon that finding.

13

## II. JOHNSON HAS EXTRAORDINARY AND COMPELLING REASONS WHY HIS SENTENCE SHOULD BE REDUCED

Johnson has properly exhausted his claim for a reduction of sentence under the compassionate release provision, and he presents this Court with extraordinary and compelling reasons for reducing his sentence.

A. Johnson properly exhausted his request for a reduction of sentence under the compassionate release statute.

Johnson filed a request for a reduction of sentence under the compassionate release statute with the warden of his prison at USP Canaan, in Waymart, PA on 12/14/2020. See request to Warden E. Bradley from Wykee Bradley. Attachment 1. The BOP has denied this request, see Response on 12/16/2020. See Attachment 2, so Johnson has properly exhausted his claim. See 18 U.S.C. § 3582(C)(1)(A) (courts can reduce a sentence 'upon motion by defendant', if the defendant has fully exhausted all administrative remedies).

B. Johnson has extraordinary and compelling reason justifying a sentence reduction.

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons". Instead Congress has directed

14

dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including...a list of specific examples." 28 U.S.C. § 994(t). To meet its statutory obligation, the Commission has promulgated U.S.S.G. § 1B1.13. The policy statement itself largely mirrors the compassionate release statutes language. See U.S.S.G. § 1B1.13(1)(3).

More pertinent is Application Note 1 to the policy statement. So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)", the Application Note delineates four instances that demonstrate extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13(2). The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectfully. See Application Note 1 (A)-(C). Subdivision (D), the catch-all provisions authorizes a sentence reduction when: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than...the reasons described in subdivisions (A) through (C)." App. Note 1(D).

The Court doesn't need to look no further than subdivision (A) here. Application Note 1(A)(ii) provides that extraordinary and compelling reasons exist when a defendant is "suffering from a serious

15

physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." App. n.1(A)(ii). Since the outset of the pandemic, district courts across the country have deemed the self-care provision satisfied where an inmate suffers from chronic health conditions identified by the Centers for Disease Control and Prevention (CDC) as increasing the risk of serious illness from Covid-19. See United States v. Alvarado, Case No. 18-cr-283 (Neb/TNL), 2020 U.S. Dist. LEXIS 100834, 2020 WL 3041504 at 1-2 (D.Minn. May 27, 2020); United States v. Salvagno, 456 F.Supp. 3d 420, 2020 WL 3410601 at 12-13 (N.D.N.Y. 2020). Internal guidance from the Department of Justice (DOJ) appear to concur with that assessment. See Wise v. United States Criminal No. ECH-18-72, 2020 U.S. Dist. LEXIS 90431, 2020 WL 2614816 at 6, n.4 (D.Md. May 22, 2020)(explaining that the DOJ has, "taken the position that inmates who suffer from a condition identified... as putting them at higher risk for severe illness from Covid-19 and who are not expected to recover from that  condition, present an 'extraordinary and compelling reason' to be considered for compassionate release.") See also United States v. Giron-Canas, Case No. 20-cr-10022 DMS, 2020 U.S. Dist. LEXIS 146112, 2020 WL 4697965 at 2 (S.D. Cal Aug 13, 2020)(referencing DOJ guidance "directing the government to concede that any defendant who presents any of the CDC's identified high-risk factors during the pandemic can establish 'extraordinary and compelling reasons'")

16

United States v. Hope, CR 213-016-J, 2020 U.S. Dist. LEXIS 130617,
(S.D.Ga. July 22, 2020)(Noting that the government conceded extra-
ordinary and compelling reasons under the self-care provisions based
on "the Department of Justices' refined position on compassionate
release").

The Petitioner asserts that he qualifies for compassionate re-
lease due to wide spread dangers of Covid-19 here at USP Canaan, as
well as the family need of care for his elderly parents, with his
father's health rapidly declining. He has completed 75% of his time
and could better serve his community by way of community service and
other humanitarian efforts, versus just doing time.

WHEREFORE, the Petitioner respectfully request this Honorable
Court to GRANT him a Compassionate Release as set forth in this
Brief, and any other relief this Honorable Court deems appropriate.

Respectfully Submitted,

Wykee Johnson
#65613-054
USP CANAAN
P.O. Box 300
Waymart, PA 18472

PETITIONER - PRO SE



**U. S. Department of Justice**
**Federal Bureau of Prisons**

**Inmate Request to Staff**

---

### INMATE REQUEST TO STAFF RESPONSE

---

**TO:**  **Inmate Name:**  Johnson, Wykee
**Reg. No.:**  65613-054
**Unit:**  B2 Unit

This is in response to your Request for a Compassionate Release, which was received on December 14, 2020. In your request, you stated that you would like to be considered for a compassionate release based on Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Implementation of U.S.C. 3582. This request is based on extraordinary or compelling circumstances related to COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, after careful consideration, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_for Atty S_____
E. Bradley, Warden

_12-16-20_____
Date

*U. S. Department of Justice*
*Federal Bureau of Prisons*

*Inmate Request to Staff*

---

### *INMATE REQUEST TO STAFF RESPONSE*

---

**TO:**  *Inmate Name:*    Johnson, Wykee
     *Reg. No.:*      65613-054
     *Unit:*        B2 Unit

This is in response to your Inmate Request to Staff dated December 14, 2020. In your request, you stated that you would like to be sent directly to home confinement from incarceration.

Current law and recent guidance from the U.S. Attorney General directs the Bureau of Prisons to maximize the use of home confinement in appropriate cases, consistent with Bureau of Prisons policy, the needs and safety of each inmate, and in consideration of the safety of the community. To assist with this matter, a review of your information was completed. It was determined that you do not meet the criteria for transfer to home confinement at this time.

I trust this information addresses your concerns.

_for _____    ____12-16-20____
E. Bradley, Warden               Date

Request

12-14-2020

Warden: E. Bradley

Hello, hope all is well with you During This pandemc However im writing you in a Request to be put in for immediate release according to 3582 18 U.S.C Section (a) (ii) (A) Due to the covid-19 crisis here in canaan. Further more These extra ordinary circumstances is a compelling reason to put me, will make me qualified for immediate release, or as a second option, can be put in for home confinement as I also make the requirements. There fore I wish you take this request in consideration for the reason beings that covid-19 has been rapidly spreading, through out this facility and has left me exposed to a high chance of recieving it, thus leading me to ask you to grant me this request.

Thank you for your time and patience.

Respectfully submitted
WYKee Johnson #65613-054

LEGAL MAIL

Wykee Johnson
USP CANAAN
P.O. Box 300
WAYMART, PA 18472

RECEIVED
FEB 17 2021
CHAMBERS OF
DENISE COTE



Honorable Judge Cote

UNITED STATES Southern District

Court Clerk

40 Foley Square
New York NY 10007

THIS CORRESPONDENCE IS FROM AN INMATE
CURRENTLY IN THE CUSTODY OF
THE FEDERAL BUREAU OF PRISONS